## Case No. 16,771.

### UNITED STATES v. WRIGHT.

[1Cranch, C. C. 123.] ¹

Circuit Court, District of Columbia. June Term, 1803.

#### COURTS—JURISDICTION.

A slave in Alexandria may be tried in this court for larceny.

---

## Case No. 16,772.

### UNITED STATES v. WRIGHT.

[2 Cranch, C. C. 68.] ¹

Circuit Court, District of Columbia. Dec. Term, 1812.

#### FORGERY—BANK-NOTES.

Mr. Jones, contra. An inchoate act towards the consummation of a crime is indictable. Rex v. Higgins, 2 East, 5. There is a form of such an indictment in C. Cir. Comp. p. 286, for having counterfeit money in his possession with intent to utter it. This court in the case of U. S. v. Williams [Case No. 16,709], decided that in an indictment for forgery, it is not necessary to set forth the forged instrument in hæc verba.

THE COURT having some doubt, refused to quash the indictment; but after verdict, arrested the judgment.

¹[Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,773.

### UNITED STATES v. WRIGHT.

[2 Cranch, C. C. 296.] ¹

Circuit Court, District of Columbia. April Term, 1822.

#### DEFRAUDING UNITED STATES—TRANSMISSION OF FORGED PAPERS—VENUE OF OFFENCE.

If forged papers be inclosed and sealed up in a letter written in the state of Tennessee, and there directed to the paymaster-general in the city of Washington and sent by the mail, with intent to defraud the United States, and the letter be received and opened by the paymaster-general in Washington, this is not an uttering and publishing of the said forged papers in the county of Washington.

[Cited in U. S. v. Plympton, Case No. 16,058: In re Palliser, 10 Sup. Ct. 1037, 136 U. S. 267.]

The indictment in this case charged that the defendant [Henry Wright] at the county of Washington in the District of Columbia, with intent to defraud the United States, feloniously uttered and published as true, and caused to be uttered and published as true, certain forged papers and documents respecting a pension, against the peace and government of the United States. Another count charged that the defendant at the said county of Washington, feloniously caused the said forged papers and documents to be uttered and published as true.

Upon the trial, N. B. Vanzandt, a witness sworn on the part of the United States, testified that he had received several letters from a person, who signed his name H. Wright. That the prisoner afterwards came to his office and conversed with him on the subject of the claims to which those letters referred. That he never saw him write. That the letters now shown to him are in a handwriting like that of the letters which he had received, signed H. Wright; but these letters were not produced.

Mr. Jones, for defendant, objected to Mr. Vanzandt's testifying as to the similarity of the handwriting, especially as the letters to Mr. Vanzandt were not produced at the trial, and as there was no evidence that they were written by the defendant.

Mr. Swann, contra, cited Phil. Ev. 364.

THE COURT (CRANCH. Chief Judge. doubting,) said that the presumption from those circumstances was so strong as to justify the admission of Mr. Vanzandt to testify as to the similarity of the handwriting.

The jury found a verdict, stating that the traverser did feloniously utter and publish the forged papers contained in the letter to the paymaster-general. with intent to defraud the United States, he then knowing the same to be false, forged. and counterfeit. But they also found "that the letter inclosing the same was written in the state of Tennessee by the traverser, and was sealed up by the traverser in the state of Tennessee, and directed and

¹ [Reported by Hon. William Cranch, Chief Judge.]

sent by him, by the mail, to Nathan Towson. the paymaster-general then in the city of Washington; and that the said letter, being brought by the said mail, was opened by the said Nathan Towson, sometime in the month of January, 1821, in the city and county of Washington aforesaid; the traverser not being then, nor ever before or after, till the month of March, 1821, in the District of Columbia; and whether, under these circumstances the traverser is guilty of uttering and publishing the said forged papers in the county of Washington, is submitted to the court as a question of law. If the law should determine that the uttering and publishing so as aforesaid made, should be considered as in the county of Washington, then we find the traverser guilty as above stated in the said county; but if otherwise, we find him not guilty."

Mr. Key, for defendant. If the facts stated in the special verdict amount to an uttering or publication, it was complete in Tennessee, when the defendant put the letter into the post-office there. If the offence be complete there, he cannot be tried here for the same offence. He did no act afterwards. His crime could not depend upon the act of the paymaster-general. There is no law making the uttering and publication of such papers a crime. At common law, it must be of a paper of a public nature, and to the prejudice of another person's rights. It is no crime at common law to publish as true a forged paper at a place where it was not forged. 1 Hawk. P. C. 182, c. 70; 4 Bl. Comm. 247.

This court cannot send the defendant to Tennessee to be tried; and if it could, this is an indictment at common law, and there can be no common-law offences against the United States in Tennessee. All common-law offences there, are offences against the state of Tennessee, not against the United States. The United States courts have no common-law criminal jurisdiction.

Mr. Swann, contra. The publication of a forged release is indictable at common-law. Com. v. Searle, 2 Bin. 332. The receipt and opening of the letter in Washington, is a publication there. Rex v. Johnson, 7 East, 65. Inclosing and sealing them up in Tennessee was certainly no publication in Tennessee. He caused them to be uttered and published in Washington, by inclosing and sending them by the mail.

Mr. Jones, in reply. The defendant had never been in the District of Columbia until long after the receipt and opening of the letter containing the forged papers. The case of Rex v. Johnson, cited from 7 East, 65, is a case of publication of a libel in London, written by the defendant in Ireland. The procurer and the publisher were both guilty of the publication; if it had been a case of felony, Cobbet, who published it in London, would have been the principal, and Johnson would have been an accessory; but in misdemeanors there are no accessories, and he was therefore a principal. Judgment for the defendant, on the special verdict.